IT IS ORDERED

Date Entered on Docket: April 22, 2022



_____
**The Honorable Robert H Jacobvitz
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEW MEXICO

In re:
LUIS ARTURO FLORES RAMIREZ,
    Debtor.                                                         Case No. 21-11162-J13

**STIPULATED ORDER GRANTING IN PART AND DENYING IN PART (A)
DEBTOR'S APPLICATION TO EMPLOY REAL ESTATE BROKER FOR DEBTOR;
(B) DEBTOR'S MOTION TO: (I) APPROVE SALE OF REAL PROPERTY FREE AND
CLEAR OF LIENS, CLAIMS AND INTERESTS; AND (II) AUTHORIZE
PAYMENT OF REAL ESTATE BROKER'S COMMISSION; AND, (C) WELLS FARGO
BANK, N.A.'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND
ABANDONMENT OF REAL PROPERTY;**

This matter came before the Court upon (A) Debtor's Application to Employ Real Estate

Broker for Debtor ("**Sale Motion**"; Doc. 36; Doc 36-1); (b) Debtor's Motion to: (I) Approve Sale of

Real Property Free and Clear of Liens, Claims and Interests; and (II) Authorize Payment of Real Estate Broker's Commission ("**Employment Application**"; Doc. 31); and, (C) Wells Fargo Bank, N.A.'s Motion for Relief from Automatic Stay and Abandonment of Real Property ("**Stay Motion**"; Doc. 51); and, upon the agreement among Wells Fargo Bank, N.A. (hereinafter, "**Wells Fargo**"), by and through its attorneys, Moses, Dunn, Farmer & Tuthill, P.C. (Karla K. Poe); Luis Arturo Flores Ramirez ("**Debtor**"), by and through his attorneys Law Office of Gerald R. Velarde (Gerald R. Velarde); and, Tiffany M. Cornejo, Chapter 13 Trustee, as evidenced by the signatures below of said counsel and the Trustee. Based upon the stipulation of the parties and being otherwise fully advised in the premises, the Court FINDS:

1. The Court has jurisdiction over this case and this motion, pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District, pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. On October 14, 2021, (the "**Petition Date**"), Debtor commenced this case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code.

3. The parties agree that, as is set forth in Debtor's Schedule A, the Estate owns real property commonly known as 5696 Highway 64, Farmington, New Mexico 87401 ("**Property**"), which Property is more particularly described in the Stay Motion.

**DEBTOR'S EMPLOYMENT APPLICATION:**

4. Debtor filed the Employment Application (Doc. 31), pursuant to 11 U.S.C. § 327, on December 29, 2021, seeking Court approval, *inter alia,* of the employment of Dimmick Realty, Inc. (David Harris) ("**Broker**") for the purpose of listing the Property for sale as set forth in the Employment Application and the Listing Agreement ("**Listing Agreement**") attached to the Employment Application.

5. On December 29, 2021, Notice (Doc. 33) of the Employment Application, with a 21-day opportunity to object, was given pursuant to Bankruptcy Rule 2002(a)(2) to all parties in interest on the official mailing matrix maintained by the Clerk of the Court in this Bankruptcy Case.

6. The notice of the Employment Application was sufficient in form and content and was appropriate in the particular circumstances.

7. The only timely objection to the Employment Application was filed by Wells Fargo (Doc. 48), and that objection has been resolved by this Order, as indicated by the signatures below of the parties' respective counsel and the Trustee.

7a. Broker consents to granting of the Employment Application, including modification of the Listing Agreement, as set forth in this Order.

8. The Employment Application should be granted in part and denied in part, as set forth hereinbelow.

**DEBTOR'S SALE MOTION:**

9. Debtor filed the Sale Motion (Doc. 36; Doc. 36-1), pursuant to 11 U.S.C. § 363(b) and (f), on January 10, 2022, pursuant to 11 U.S.C. § 363(b) and (f), seeking Court approval, *inter alia,* of the sale of the Property, free and clear of all liens, claims, and interests, with such liens, claims, and interests to attach to the sale proceeds or to be paid at closing, and to pay necessary costs and expenses, including Broker's compensation as set forth in the Sale Motion and the Purchase & Sale Agreement ("**PSA**") attached to the Sale Motion.

10. On January 12, 2022, Notice (Doc. 39) of the Sale Motion, with a 21-day opportunity to object, was given pursuant to Bankruptcy Rule 2002(a)(2) to all parties in interest on the official mailing matrix maintained by the Clerk of the Court in this Bankruptcy Case.

11. The notice of the Sale Motion was sufficient in form and content and was appropriate in the particular circumstances.

12. The only timely objection to the Sale Motion was filed by Wells Fargo (Doc. 55), and that objection has been resolved by this Order, as indicated by the signatures below of the parties' respective counsel and the Trustee.

12a. Since the Sale Motion was filed, the Broker has advised that another offer has been made for sale of the Property for $680,000.00 ("**Alternative Sale**").

13. The Sale Motion should be granted in part and denied in part, as set forth hereinbelow.

**WELLS FARGO'S STAY MOTION:**

14. Wells Fargo filed the Stay Motion (Doc. 51), pursuant to 11 U.S.C. § 362(d) and § 554(b)[1], on January 21, 2022, seeking a Court order, *inter alia,* granting relief from the automatic stay permitting Wells Fargo to take any and all action permitted by applicable law against the Property, including selling the Property at foreclosure sale, and ordering abandonment of the Property from the Estate as set forth in the Stay Motion.

15. On January 12, 2022, the Stay Motion and Notice (Doc. 53) of the Stay Motion were served on the parties as required by Bankruptcy Rule 4001(a)(1), and Notice (Doc. 53) of the Stay Motion was given pursuant to Bankruptcy Rule 6007 to all parties in interest on the official mailing matrix maintained by the Clerk of the Court in this Bankruptcy Case, with a 21-day opportunity to object.

16. The notice of the Stay Motion was sufficient in form and content and was appropriate in the particular circumstances.

---

[1] In the Stay Motion, the Bankruptcy Code section cited for the requested abandonment was inadvertently misstated as § 544.

17. The only timely objection to the Stay Motion was filed by Debtor (Doc. 62), and that objection has been resolved by this Order, as indicated by the signatures below of the parties' respective counsel and the Trustee.

18. Debtor, as borrower, executed a Business Lending Confirmation Letter dated November 24, 2014, to the order of Wells Fargo, for the principal sum of $679,582.19 bearing interest at a fixed rate of 5.00%. A copy of the Business Lending Confirmation Letter is attached to the Stay Motion as **Exhibit D**[2] (referred to herein as "**Note 1**") and is incorporated therein by reference.

19. As security for the payment of Note 1, Debtor, on November 24, 2014, executed and delivered a certain Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (referred to herein as "**Mortgage 1**") to Wells Fargo, which Mortgage 1 granted a mortgage lien against the Property. Mortgage 1 was recorded on November 24, 2014, in Book 1580, Page 559, as Document #201413249, in the records of San Juan County, New Mexico. A copy of Mortgage 1 is attached to the Stay Motion as **Exhibit F** and is incorporated therein by reference.

20. LF Well Service, Inc. ("**LF**"), as borrower, executed a Promissory Note dated April 21, 2016 (along with the Change in Terms Agreement described in the subsequent paragraph, referred to herein as "**Note 2**") to the order of Wells Fargo, for the principal sum of $344,159.92, bearing interest at the rate of 5.5% per annum, which was the result of two (2) previous obligations, Promissory Note dated January 23, 2012, and Business Lending Confirmation Letter dated November 24, 2014, of LF to Wells Fargo being combined into the term obligation of Note 2. A copy of Note 2 is attached to the Stay Motion as **Exhibit G** and is incorporated therein by reference. A copy of the Business Lending Confirmation Letter is attached to the Stay Motion as **Exhibit E** and is incorporated therein by reference.

---

[2] To the extent applicable, exhibits are identified herein with the same identification used for the exhibits in Wells Fargo's Proof of Claim 8 (Claim 8) and Proof of Claim 9 (Claim 9), each filed herein on December 8, 2021.

21. By a Change in Terms Agreement, Wells Fargo granted LF an extension of the maturity date of Note 2 to August 16, 2018. A copy of the Change in Terms Agreement dated September 18, 2017, is attached to the Stay Motion as **Exhibit H** and is incorporated therein by reference.

22. Debtor, as Guarantor, executed a Commercial Guaranty dated April 21, 2016, wherein Guarantor absolutely and unconditionally promised to pay all the indebtedness of LF, Borrower, on the terms and conditions set forth in said Guaranty. A copy of the Commercial Guaranty is attached to the Stay Motion as **Exhibit I** and is incorporated therein by reference.

23. Note 2 is further secured by a Mortgage dated April 21, 2016, (along with the Modification of Mortgage described in the subsequent paragraph, referred to herein as "**Mortgage 2**"), which Mortgage 2 granted a mortgage lien against the Property. A copy of Mortgage 2 is attached to the Stay Motion as **Exhibit J** and is incorporated therein by reference, which Mortgage 2 was recorded on June 10, 2016, as Document #201606694, in the records of San Juan County, New Mexico.

24. Mortgage 2 was modified on September 18, 2017, by a Modification of Mortgage which was recorded on November 8, 2017, as Document #201713262 in the records of San Juan County, New Mexico. A copy of the Modification of Mortgage is attached to the Stay Motion as **Exhibit K** and is incorporated therein by reference.

25. The amounts owed to Wells Fargo were not paid and, on January 21, 2019, a Default Judgment and Order of Foreclosure ("**Foreclosure Judgment**") was entered by the Court in the San Juan County of the Eleventh Judicial District in case No. D-1116-CV-2018-01377 ("**Foreclosure Case**") in favor of Wells Fargo and against Debtor and others. A copy of the Foreclosure Judgment is attached to the Stay Motion as **Exhibit B** and is incorporated therein by reference. By the Foreclosure Judgment, the Court, in relevant part, entered judgment in favor of Wells Fargo and against Debtor for the amounts due on Note 1 and Note 2 and, further, ordered the foreclosure of Mortgage 1 and Mortgage 2 and sale of the Property, as is more fully set forth in the copy of the Foreclosure Judgment attached to the Stay Motion.

26. A judgment lien was perfected against the Property for the amounts due under the Foreclosure Judgment, by the recording of a Transcript of Judgment on February 11, 2019, as Document

#201901213, in the records of San Juan County, New Mexico, all is more fully set forth in the copy of the Transcript of Judgment attached to the Stay Motion as **Exhibit C** and incorporated therein by reference.

27. The Department of the Treasury – Internal Revenue Service holds tax liens against the Property in the total amount of $226,193.03, plus additional interest, penalties and costs that may have subsequently accrued, which tax liens include the following Notices of Federal Tax Lien filed in the records of San Juan County, New Mexico:

| Date filed | Recording data | Face Amount of Claim |
|---|---|---|
| December 16, 2019 | #201912121 | $ 68,964.18 |
| March 10, 2020 | #202002557 | $ 19,650.23 |
| March 30, 2021 | #202103802 | $ 17,635.80 |
| May 25, 2021 | #202106345 | $119,941.82 |
| | Total: | $226,193.03 |

Copies of said Notices of Federal Tax Lien are attached to the Stay Motion, collectively, as **Exhibit Q** and are incorporated therein by reference.

28. As of October 14, 2021, the date on which this Bankruptcy was filed, the balance due under the Foreclosure Judgment was $823,236.15 on Note 1 and $41,044.33 on Note 2, for a total of $864,280.48 plus interest which continues to accrue at 8.75% per annum on the amounts awarded under the Foreclosure Judgment. (Proof of Claim 8; Proof of Claim 9).

29. The parties consenting to this Order agree that the value of the Property is, at most, $650,000.00.

30. The parties are not aware of any other interests secured by the Property.

31. The Debtor does not have equity in the Property

32. The Property is not necessary to an effective reorganization.

33. The Stay Motion should be granted in part and denied in part, as set forth hereinbelow.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED as follows:

A. **The Employment Application** is granted in part pursuant to 11 U.S.C. § 327, effective as of the date on which the Employment Application was filed, the Listing Agreement is modified and the Employment Application is otherwise denied in part, as follows:

(1) the employment of the Broker is approved only for the listing of the Property for sale, and employment to list the Property for leasing is denied;

(2) the term of the employment of the Broker shall expire upon the earlier of the closing of the sale authorized by this Order or relief from the automatic stay as provided herein, and any continuance of such term for any reason is not approved, including the reasons set forth in paragraphs 2, 23, and 24 of the Listing Agreement, and the Employment Application seeking approval of such provisions for continuance of the term is hereby denied;

(3) if the sale authorized by this Order closes, a sales commission equal to 6% of the sales price plus applicable gross receipts tax is approved, and such commission shall be paid to Broker from the proceeds of the sale authorized by this Order; however, if the sale authorized by this Order does not close, no commission or other compensation is approved or due, nor shall be paid to Broker, and the Employment Application seeking approval of any other commission or compensation is hereby denied; and,

(4) except for the commission authorized in the preceding sub-paragraph (3), no commission or other compensation in any form is approved or due, nor shall be paid to Broker in any other event or circumstance, including any of the other circumstances set forth in paragraphs 9, 10, 11, 12, 22, 24, 25, 26, 27, 35, 37, and 38 of the Listing Agreement and including any foreclosure sale had by Wells Fargo as authorized by this Order, and the Employment Application seeking approval of such provisions for other such commissions or compensation is hereby denied;

B. **The Sale Motion** is granted in part pursuant to 11 U.S.C. § 363, the PSA is modified and the Sale Motion is otherwise is denied in part, as follows:

(1) authority is granted to sell the Property for the purchase price of $650,000.00 or more in accordance with the terms and conditions set forth on the currently pending PSA, *except* as such terms and conditions are denied or modified herein, which sale shall be free and clear of all liens, claims, and interests, and which such liens, claims, and interests shall attach to the proceeds of the sale with the same validity and priority, and to the same extent, that they attach to the Property, all without further notice to creditors;

(2) authority is granted for the compensation of the Broker to be paid from the sale proceeds, upon closing;

(3) authority is granted for the following three categories of costs to be paid from the sale proceeds, upon closing: (1) Debtor's[3] costs as provided in PSA § 5.1, *but excluding* the cost of the New Survey; (2) prorated ad valorem taxes and assessments as provided in PSA § 5.2; and, (3) prorated utilities as provided in PSA § 5.4;

(4) authority is granted for all net sale proceeds (i.e., the gross purchase price, net of the items authorized to be paid by the immediately preceding sub-paragraphs (2), (3), and (4)) ("**Net Sale Proceeds**") to be paid directly to Wells Fargo, upon closing, with payment to be paid to Wells Fargo in immediately available and collectible federal funds in the manner and at the place directed by Wells Fargo or its counsel of record;

(5) no provision in the PSA requiring Debtor to pay for a new survey (e.g., PSA §§ 5.1 and 7.2(ii)) is approved, and the Sale Motion seeking approval of all such provisions is

---

[3] Debtor Luis Arturo Flores Ramirez is identified as the Seller Luis Flores in the PSA as the Seller and is described in this Order as "Debtor".

hereby denied; Debtor and the Bankruptcy Estate shall not pay for the cost of a New Survey; and, the purchase price shall not be adjusted to accommodate for such payment;

(6) no provision in the PSA requiring Debtor to indemnify and hold harmless Buyer or other persons/entities, or imposing other like obligations on Debtor (e.g., PSA §§ 5.3, 7.4, 10.1(e)) is approved, and the Sale Motion seeking approval of all such provisions is hereby denied; Debtor and the Bankruptcy Estate shall not pay for the cost of such indemnification; the purchase price shall not be adjusted to accommodate or pay for such indemnification; and, no such obligations shall survive closing of the sale or termination of the PSA;

(7) no provision in PSA § 7.2(iii) regarding encumbrances upon Debtor's title to the Property, Monetary Liens (as defined in the PSA), or Tenancy Rights (as defined in the PSA) and no provision in PSA § 7.3 is approved and, and the Sale Motion seeking approval of all such provisions is hereby denied; Debtor and the Bankruptcy Estate shall not pay for any such encumbrances, Monetary Liens, or Tenancy Rights, or any cost related thereto; and, the purchase price shall not be adjusted to accommodate for any such encumbrances, Monetary Liens, or Tenancy Rights, or any cost related thereto; and,

(8) alternatively, if the sale pursuant to the current existing PSA does not close as authorized by this Order, the Property may be sold to an alternative purchaser for a purchase price of $650,000.00 or more ("**Alternative Sale**"), *subject to* the same rights and obligations and to the same authority and limitations set forth in, and as contemplated by, the immediately preceding sub-paragraphs (1) through (7), and in such case, the Net Sale Proceeds to be paid to Wells Fargo from said Alternative Sale ***shall in no event be less than*** would be paid to Wells Fargo under the current existing PSA as set forth in the immediately preceding sub-paragraphs (1) through (7);

C. **The Stay Motion** is granted in part pursuant to 11 U.S.C. § 362(d)(2) and is denied in part, as follows:

(1) Debtor shall have 60 days from entry of this Order ("**Sale Deadline**") to close on the sale authorized by this Order and for the Net Sale Proceeds to be received by Wells Fargo in immediately available and collectible federal funds;

(2) until the Sale Deadline, the automatic stay will remain in place;

(3) if payment of the Net Sale Proceeds is not received by Wells Fargo on or before the Sale Deadline, Wells Fargo may give notice via e-mail to Debtor's attorney of such failure to timely pay; and, if the payment default is not cured within three (3) business days, the stay shall automatically terminate upon Wells Fargo's filing with the Court a notice of nonpayment and serving via the CM/ECF system a copy of the notice of nonpayment on Debtor's attorney of record, all without further notice or hearing;

(4) upon such termination of the stay, Wells Fargo is permitted to proceed in State Court with the action to foreclose the Mortgage 1 and Mortgage 2 against the Property, including selling the Property as permitted by the Foreclosure Judgment, Mortgage 1, Mortgage 2, and pursuant to applicable non-bankruptcy law;

(5) in the event the net proceeds of Wells Fargo's foreclosure sale exceed the total balance due to Wells Fargo as set forth in its Proof of Claim No. 8 and Proof of Claim No. 9, such excess proceeds shall be turned over to the Chapter 13 Trustee within a reasonable time after payment of the balance due to Wells Fargo for distribution according to Debtor's Chapter 13 Plan, when confirmed;

(6) the automatic stay will remain in effect with regard to the collection of any deficiency, if any, owed to Wells Fargo by Debtor after the foreclosure sale, and any such

deficiency shall be paid through the claims allowance procedure of the Bankruptcy Code and Rules;

(7) if the automatic stay is terminated as set forth herein, the Property shall be abandoned from Debtor's bankruptcy estate contemporaneous with such termination of the automatic stay, without further notice or hearing; and,

(8) This Order shall be immediately effective, and the stay provided by Bankruptcy Rule 4001(a)(3) is hereby waived and shall not apply.

###END OF ORDER###

**Agreed to and submitted by:**

MOSES, DUNN, FARMER & TUTHILL, P.C.

By: */s/Karla K. Poe*
    Karla K. Poe
    P.O. Box 27047
    Albuquerque, NM 87025-7047
    (505) 843-9440
    Email: karla@moseslaw.com
*Attorneys for Wells Fargo Bank, N.A.*

**Agreed to by:**

LAW OFFICE OF GERALD R. VELARDE

*/s/approved by e-mail 4/19/22*
    Gerald R. Velarde
    PO Box 11055
    Albuquerque, NM 87192
    (505) 248-0050
    Email: grvelarde@gmail.com
*Attorneys for Debtor*

*/s/approved by e-mail 4/20/22*
Tiffany M. Cornejo
*Chapter 13 Trustee*
625 Silver Avenue SW, Suite 350
Albuquerque, NM 87102-311
Email: trustee@ch13nm.com